

ORIGINAL

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| SANDBOTE, WAGGONER & ZOPOLSKY, PC | CIVIL ACTION |
| VERSUS | NO: 3-08CV1826-N |
| BARRISTER GLOBAL SERVICES NETWORK, INC. AND JOHN S. BOWERS, III | SEC: |

### NOTICE OF REMOVAL

Defendants Barrister Global Services Network, Inc. ("Barrister") and John S. Bowers, III ("Bowers") hereby file this Notice of Removal of the above-described action, now removed to the U. S. District Court for the Northern District of Texas from the 298th Judicial District Court for Dallas County, Texas, where it was pending under Docket No. 2008-11931, as provided by Title 28, U.S. Code, Chapter 89, and would aver:

1.

The action is a civil action concerning allegations of a breach of contract and open account, over which the United States District Court for the Northern District of Texas has jurisdiction, pursuant to 28 U.S.C. 1332. This dispute involves diverse parties inasmuch as Plaintiff is a resident of Texas, Defendant Bowers is a resident of Louisiana, and Barrister is domiciled in Louisiana and Delaware. The amount of damages pleaded by Plaintiff is $190,205.26, well in excess of the requisite jurisdictional amount.

2.

Plaintiff has served both Defendants, with Defendant Bowers being served on September 22, 2008 and Defendant Barrister being served on September 23, 2008. Thus, this removal is timely.

3.

Defendant has filed copies of all state court pleadings in its possession and has given written notice of the removal as required by 28 U.S.C. 1446(d).

**WHEREFORE**, Defendants Barrister Global Services Network, Inc. and John S. Bowers, III, Inc. request that this action proceed in this Court as an action properly removed to it, and forth all other relief to which they are entitled.

Respectfully submitted this 10th day of October, 2008.

SUBMITTED:

T. Jay Seale, III (La. #11901)
tjseale@sealeross.com
William Stephens (TX #24054308)
w.stephens@sealeross.com
Amy L. Gonzales (TX #24029579)
a.gonzales@sealeross.com
SEALE & ROSS, PLC
200 North Cate Street
P.O. Drawer 699
Hammond, Louisiana 70404
Telephone: (985) 542-8500
Facsimile: (985) 542-4111

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 10th day of October, 2008, served a copy of the foregoing pleading on counsel for all parties who have appeared in this proceeding, by mailing the same by United States mail properly addressed, and first-class postage prepaid.

Louis J. Sandbote
Sandbote, Waggoner & Zopolsky, PC
5307 E. Mockingbird Lane, Suite 802
Dallas, TX 75206

## CAUSE NUMBER 2008-11931

| | | |
|---|---|---|
| **SANDBOTE, WAGGONER &** | * | **DISTRICT COURT** |
| **ZOPOLSKY, P.C.** | * | |
| | * | |
| **VERSUS** | * | **DALLAS COUNTY, TEXAS** |
| | * | |
| **BARRISTER GLOBAL SERVICES** | * | |
| **NETWORK, INC. AND JOHN S. BOWERS, III** | * | **298TH JUDICIAL DISTRICT** |
| | * | |

**********************************************

**FILED:**_____

_____
**DEPUTY CLERK**

<u>INDEX</u>

1.    Plaintiff's Original Petition and
      Request for Disclosure                          09/16/08

2.    Defendant's Motion for Extension
      Of Time to Plead                                10/08/08

# INDEX NO. 1

# FORM NO. 353-3 - CITATION

## THE STATE OF TEXAS

**CERTMAIL**

## CITATION

No.: **DC-08-11931-M**

To: **JOHN S. BOWERS,III**
    **835-B PRIDE**
    **HAMMOND, LA 70401**

**SANDBOTE WAGGONER &**
**ZOPOLSKY, P.C**

**vs.**

**JOHN S. BOWERS,III**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **298th District Court at 600** Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **SANDBOTE WAGGONER & ZOPOLSKY, P.C.**

Filed in said Court **on this the 16th day of September, 2008** against

**JOHN S. BOWERS,III**

**ISSUED**
**on this the 18th day of September,**
**2008**

For suit, said suit being numbered **DC-08-11931-M**, the nature of which demand is as follows:
Suit On DEBT/CONTRACT etc. as shown on said petition, a copy of which accompanies this citation.
If this citation is not served, it shall be returned unexecuted.
WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my name and the Seal of said Court at office on this **18th day of September, 2008**

By **EVETTE LAMB, Deputy**

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

**GARY FITZSIMMONS**
Clerk of the District Courts of Dallas, County, Texas

By

**EVETTE LAMB**

Attorney for Plaintiff
**LOUIS J. SANDBOTE**
**5307 E. MOCKINGBIRD LANE,**
**STE 802**
**DALLAS, TX 75206-5109**
**214-823-2125**

NEW FILE

Delivered
9.25.08
2:30 p.m.



CAUSE NO. OS -11931

SANDBOTE, WAGGONER &amp;
ZOPOLSKY, P.C.

vs.

BARRISTER GLOBAL SERVICES
NETWORK, INC. and JOHN S.
BOWERS, III

§
§
§
§
§
§
§
§

IN THE DISTRICT COURT

DALLAS COUNTY, TEXAS

M-298th

___ JUDICIAL DISTRICT

## PLAINTIFF'S ORIGINAL PETITION
## AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF THE COURT:

Plaintiff Sandbote, Waggoner &amp; Zopolsky, P.C. files this Original Petition against

Defendants Barrister Global Services Network, Inc. and John S. Bowers, III.

### A.  Discovery-Control Plan

1.    Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil

Procedure 190.3

### B.  Parties

2.    Plaintiff Sandbote, Waggoner &amp; Zopolsky, P.C. ("Plaintiff"), a professional

corporation, is a resident of Dallas County, Texas.

3.    Defendant Barrister Global Services Network, Inc. ("Barrister"), a foreign

corporation organized and existing under the laws of the State of Delaware and whose principal

office is located at 835-B Pride, Hammond, Louisiana 70401, can be served with process by

serving its registered agent for service of process, National Registered Agents, Inc., at 16055

Space Center Blvd., Suite 235, Houston, Texas 77062.

4.    John S. Bowers. III ("Bowers"), an individual who is a nonresident of Texas, whose usual place of business is 835-B Pride, Hammond, Louisiana 70401, may be served with process by the clerk of this court by mailing a copy of the citation, with a petition attached, to Defendant at that address by certified mail, return receipt requested, delivery restricted to addressee.

## C.  Jurisdiction

5.    The Court has jurisdiction over the lawsuit because the amount in controversy exceeds the Court's minimum jurisdictional requirements.

6.    The Court has jurisdiction over Barrister and Bowers, nonresidents, because the fee agreement made the basis of Plaintiff's suit provides that the venue of any suit relating to such fees or this matter will be in Dallas, Texas.

7.    The Court also has jurisdiction over Barrister and Bowers because they purposefully availed themselves of the privileges and benefits of conducting business in Texas by contracting with a Texas resident.  Specifically, Barrister and its Chief Executive Officer, Bowers, contracted with Plaintiff for legal services to be provided by Plaintiff, a law firm whose sole office is in Dallas, in defending Barrister in the lawsuit styled *McAfee, Inc. v. Agilysys, Inc., Barrister Global Services Network and Vigilant Insurance Company*, Cause Number 2007-02397 in the 193rd District Court of Dallas County, Texas, and to pay Plaintiff for its services. Plaintiff negotiated the contract from its Dallas office, the vast majority of Plaintiff's work pursuant to the contract took place in Dallas, and Barrister and Bowers' payments under the contract were required to be sent to Plaintiff at its Dallas office.

### D. Venue

8.   Venue for this suit for breach is proper in Dallas County because the fee agreement made the basis of Plaintiff's suit provides that the venue of any suit relating to such fees or this matter will be in Dallas, Texas.

9.   Additionally, venue for this suit is permissive in Dallas County because it is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred and/or it is the county in which the Plaintiff resided at the time of the accrual of the causes of action. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(1),(4).

### E. Facts

10.   In the spring of 2007, Barrister retained Plaintiff – along with co-counsel William M. Stephens of the law firm of Seale & Ross – to represent it in a complex commercial lawsuit styled *McAfee, Inc. v. Agilysys, Inc., Barrister Global Services Network and Vigilant Insurance Company*, Cause Number 2007-02397 in the 193rd District Court of Dallas County, Texas ("The Lawsuit"). The parties agreed that Barrister would pay Plaintiff on an hourly basis at the agreed rate that Barrister itself had proposed. Plaintiff proceeded to perform its obligations under that agreement. Rather than paying the full amount of Plaintiff's invoices when due, however, Barrister, without seeking Plaintiff's agreement, began paying far below the total invoice amounts. As a result of these reduced payments, by February of 2008 Barrister had amassed an arrearage of approximately $140,000 in overdue bills, with The Lawsuit still ongoing and fees continuing to accrue.

11.   On February 28, 2008, Plaintiff, Barrister, and Bowers reached an agreement regarding the payment of Plaintiff's bills. According to the agreement, among other conditions, Barrister and Bowers agreed to pay out their account balance by making an immediate lump-sum

payment of $37,000, and weekly payments thereafter between $10,000 to $15,000 each, until the account balance was paid in full. Barrister further agreed that it would pay all future bills on time and that, in the event Barrister failed to pay in accordance with these contract terms, Plaintiff would have the option of accelerating the debt and withdrawing from representing Barrister. A redacted copy of the contract documents is attached to these pleadings as Exhibit A and is incorporated herein by reference.

12.    Barrister proceeded to make the $37,000 payment and, for a time, weekly payments between $10,000 and $13,000. But in July of 2008, soon after Plaintiff had successfully achieved very favorable settlements on Barrister's behalf in the lawsuit, Barrister, through Bowers, announced that they needed to reduce the amount of their weekly payments from the contractually required range of $10,000-15,000 down to $2,500. The reason, according to Bowers, was that "the economy is tightening and we need to make adjustments accordingly." By this time, the balance of Barrister and Bowers' debt owed to Plaintiff was approximately $184,000. Plaintiff declined to agree to the proposed reduction. In response, Barrister and Bowers advised that since Plaintiff would not accept the unilaterally reduced amounts, Barrister and Bowers intended to make no further payments at all.

13.    To date, Barrister owes Plaintiff a total of $190,205.26 in overdue fees and expenses under the contract.

14.    In an attempt to resolve this fee dispute without litigation, Plaintiff was agreeable to submitting the dispute to the Fee Arbitration Program of the Dallas Bar Association provided that Defendants would agree not to drag out payment of the resulting arbitration award and not to institute further litigation. Defendants refused to agree to these terms. Therefore, in the interest of resolving this matter as expeditiously as possible, given that Defendant Barrister is, on

information and belief, a multi-million-dollar Delaware corporation and Plaintiff is a three-partner Dallas law firm whose overhead is seriously impaired by a client that fails to pay its legal fees (including those fees that Plaintiff had previously allowed Defendants to pay out in interest-free installments), Plaintiff is filing this suit.

### G.  Count 1 – Suit on Sworn Account

15.    Subject to Paragraph F above, Plaintiff asserts that Plaintiff provided services to Barrister and Bowers on an open account.    Barrister and Bowers accepted the services and became bound to pay Plaintiff its designated charges, which were just and true because they were according to the terms of the parties' contract.

16.    Plaintiff attaches a redacted copy of the contract as Exhibit A and the required account affidavit as Exhibit B and incorporates them by reference.  The account accurately sets forth the invoices (labeled "INV") that Plaintiff submitted to Barrister and Bowers relating to services performed, the dates of those invoices, and the amount of the invoices for the services Plaintiff provided.  The account represents a record of the series of transactions that is similar to records Plaintiff systematically keeps in the ordinary course of business.

17.    Plaintiff performed and invoiced Barrister and Bowers for a total of $496,402.38 in services.  Barrister and Bowers made partial payments to Plaintiff totaling $306,197.12.  The dates and amounts of these payments are fully accounted for and credited to the account (labeled "PAY"), as reflected in Exhibit B.

18.    This claim is just and true, it is due, and all just and lawful offsets, payments, and credits have been allowed.  Plaintiff attaches an affidavit verifying these facts as Exhibit B and incorporates it by reference.

19.    The principal balance due on the account is $190,205.26.

20.    <u>Attorney fees.</u>  Plaintiff is entitled to recover reasonable and necessary attorney fees under Texas Civil Practice & Remedies Code chapter 38 because this is a suit on an account, which is listed in section 38.001(7).

## H.  Count 2 – Breach of Contract

21.    Alternatively, or additionally, and also subject to Paragraph F above, Plaintiff asserts that on February 28, 2008, Plaintiff, Barrister, and Bowers entered into a valid and enforceable written contract.  Plaintiff attaches a redacted copy of the contract as Exhibit A and incorporates it by reference.  According to the contract, among other conditions, Plaintiff agreed to continue is representation of Barrister in The Lawsuit in consideration of Barrister's agreement to pay out its existing account balance with an immediate lump-sum payment of $37,000 and, thereafter, weekly payments between $10,000 to $15,000 each until the account balance was paid in full.  Barrister further agreed that it would pay all of Plaintiff's future bills on time and that, in the event Barrister failed to pay in accordance with these contract terms, Plaintiff would have the option of accelerating the debt and withdrawing from representing Barrister.

22.    Plaintiff fully performed its contractual obligations.

23.    Barrister and Bowers breached the contract by failing to make timely payments in the agreed-upon amounts until their account balance was paid in full.

24.    Barrister and Bowers' breach caused injury to Plaintiff, which resulted in actual damages in the amount of $190,205.26 for legal services rendered and expenses incurred in Plaintiff's performance of the contract, for which Plaintiff hereby sues.

25.   Attorney fees.  Plaintiff is entitled to recover reasonable and necessary attorney fees under Texas Civil Practice & Remedies Code chapter 38 because this is a suit for breach of contract.

## I.  Count 3 – Quantum Meruit

26.   In the alternative to Counts 1 and 2, and also subject to Paragraph F above, Plaintiff asserts that Plaintiff is entitled to recover from Barrister and Bowers on the basis of quantum meruit.  Plaintiff provided valuable services to Barrister and Bowers, and Barrister and Bowers accepted those services.  Although Barrister and Bowers had reasonable notice that Plaintiff expected compensation for the services in the form of money, Barrister and Bowers failed and refused to compensate Plaintiff for all of the services provided.  Barrister and Bowers are therefore liable to Plaintiff for the reasonable value of the services performed by Plaintiff, for which amount Plaintiff hereby sues.

27.   Attorney fees.  Plaintiff is entitled to recover reasonable and necessary attorney fees under Texas Civil Practice & Remedies Code chapter 38.001(1)-(3).

## J.  Jury Demand

28.   Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## K.  Conditions Precedent

29.   All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## L.  Request for Disclosure

30.   Under Texas Rule of Civil Procedure 194, Plaintiff requests that Barrister and Bowers disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

<u>M. Prayer</u>

31. For these reasons, Plaintiff asks that the court issue citations for Barrister and Bowers to appear and answer, and that Plaintiff be awarded a judgment against Barrister and Bowers, jointly and severally, for the following:

a.    $ 190,205.26 as the amount due on the account;

b.    Actual damages;

c.    Prejudgment and postjudgment interest at the highest rates allowable by law;

d.    Court costs;

e.    Attorney fees; and

f.    All other relief, at law or in equity, to which Plaintiff is entitled.

Respectfully submitted,

SANDBOTE, WAGGONER & ZOPOLSKY, P.C.

BY: _____
Louis J. Sandbote
SBN: 17575500

Mockingbird Station, Eighth Floor
5307 E. Mockingbird Lane, Suite 802
Dallas, Texas 75206-5109
214-823-2125
214-823-7536 (fax)

ATTORNEYS FOR PLAINTIFF

# EXHIBIT A

| | |
|---|---|
| **From:** | Joseph Zopolsky |
| **Sent:** | Thursday, February 28, 2008 4:37 PM |
| **To:** | 'John S. Bowers, III' |
| **Cc:** | Nathan Graham; Gage Waggoner; Lou Sandbote |
| **Subject:** | RE: McAfee v. Barrister (RESPONSE REQUIRED TODAY) |
| | |
| **Importance:** | High |

Many thanks, John.

**From:** John S. Bowers, III [mailto:JBowers@barrister.com]
**Sent:** Thursday, February 28, 2008 4:39 PM
**To:** Joseph Zopolsky
**Cc:** Nathan Graham; Gage Waggoner; Lou Sandbote; John S. Bowers, III
**Subject:** RE: McAfee v. Barrister (RESPONSE REQUIRED TODAY)

Joe:

Yes, we are in agreement!

John

John S. Bowers, III
Chief Executive Officer
Barrister Global Services Network, Inc.
P.O. Box 1979
Hammond, LA 70404-1979
Phone   985-365-0801
Fax:   985-365-0801
E-mail   JBowers@barrister.com
URL   http://www.barrister.com

Barrister is a Women's Business Enterprise National Council (WBENC) Certified Woman Owned Company.

COMPANY CONFIDENTIAL: This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. Please note that any views or opinions presented in this email are solely those of the author and do not necessarily represent those of the company.
WARNING: Computer viruses can be transmitted via email. The recipient should check this email and any attachments for the presence of viruses. The company accepts no liability for any damage caused by any virus transmitted by this email.

**From:** Joseph Zopolsky [mailto:jzopolsky@sandbotelaw.com]
**Sent:** Thursday, February 28, 2008 4:34 PM
**To:** John S. Bowers, III
**Cc:** Nathan Graham; Gage Waggoner; Lou Sandbote
**Subject:** RE: McAfee v. Barrister (RESPONSE REQUIRED TODAY)

John,

I don't mean to nitpick, but we do need an affirmative representation from you that we have an agreement here, as enumerated below - *please respond that we do have that agreement.*

I am out of the office and we have much work to do, so please let me hear from you today so that we may move forward.

John, thank you.

-Joe

**From:** John S. Bowers, III [mailto:JBowers@barrister.com]
**Sent:** Thursday, February 28, 2008 4:34 PM
**To:** Joseph Zopolsky
**Cc:** Nathan Graham; Gage Waggoner; Lou Sandbote
**Subject:** RE: McAfee v. Barrister (RESPONSE REQUIRED TODAY)

Joe:

Thanks!

John S. Bowers, III
Chief Executive Officer
Barrister Global Services Network, Inc.
P. O. Box 1979
Hammond, LA 70404-1979
Phone:    985-365-0801
Fax:      985-365-0801
E-mail:   JBowers@barrister.com
URL:      http://www.barrister.com

Barrister is a Women's Business Enterprise National Council (WBENC) Certified Woman Owned Company.
-----------------------------------------
COMPANY CONFIDENTIAL: This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to
whom they are addressed. If you have received this email in error please notify the system manager. Please note that any views or opinions presented
in this email are solely those of the author and do not necessarily represent those of the company
WARNING: Computer viruses can be transmitted via email. The recipient should check this email and any attachments for the presence of viruses. The
company accepts no liability for any damage caused by any virus transmitted by this email
-----------------------------------------

**From:** Joseph Zopolsky [mailto:jzopolsky@sandbotelaw.com]
**Sent:** Thursday, February 28, 2008 4:30 PM
**To:** John S. Bowers, III
**Cc:** Nathan Graham; Gage Waggoner; Lou Sandbote
**Subject:** RE: McAfee v. Barrister (RESPONSE REQUIRED TODAY)

John,

That is fine.

*Please confirm your agreement as to terms below, which we require, so that we may continue work.*

Many thanks.
Joe

**From:** John S. Bowers, III [mailto:JBowers@barrister.com]
**Sent:** Thursday, February 28, 2008 4:13 PM
**To:** Joseph Zopolsky
**Cc:** Nathan Graham; Gage Waggoner; Lou Sandbote
**Subject:** RE: McAfee v. Barrister (RESPONSE REQUIRED TODAY)

Joe:

We will cut and send next day air tomorrow the check for you to receive on Monday.

Please confirm.

John S. Bowers, III
Chief Executive Officer
Barrister Global Services Network, Inc.
P. O. Box 1979
Hammond, LA 70404-1979
Phone:   985-365-0801
Fax:       985-365-0801
E-mail:   JBowers@barrister.com
URL:      http://www.barrister.com

Barrister is a Women's Business Enterprise National Council (WBENC) Certified Woman Owned Company.
------------------------------------------

COMPANY CONFIDENTIAL: This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. Please note that any views or opinions presented in this email are solely those of the author and do not necessarily represent those of the company.
WARNING: Computer viruses can be transmitted via email. The recipient should check this email and any attachments for the presence of viruses. The company accepts no liability for any damage caused by any virus transmitted by this email.
------------------------------------------

**From:** Joseph Zopolsky [mailto:jzopolsky@sandbotelaw.com]
**Sent:** Thursday, February 28, 2008 1:47 PM
**To:** John S. Bowers, III
**Cc:** Nathan Graham; Gage Waggoner; Lou Sandbote
**Subject:** McAfee v. Barrister (RESPONSE REQUIRED TODAY)

Dear John,

This is to respond to your e-mail below. We were pleased to hear from you

The partnership of this firm has reviewed your proposal recited below, and is agreeable to the numbers that you have suggested: that is, that you will send and we will receive before the end of business tomorrow a check for $37,000, and you will pay our firm an amount between $10,000 and $15,000 each and every week thereafter until the balance on your account is paid in full.

John, if you and Barrister agree to the conditions set forth in our February 27, 2008 letter referenced below, with the amounts of the payments recited in that letter modified as set forth in the preceding paragraph of this e-mail, please confirm by stating your agreement to the same in a responsive e-mail.

We are pleased to be resolving this situation.

Sincerely,
Joe

**From:** John S. Bowers, III [mailto:JBowers@barrister.com]
**Sent:** Thursday, February 28, 2008 10:29 AM
**To:** Joseph Zopolsky
**Subject:** Re: McAfee v. Barrister

Joe,

We can cut and send overnight a check for $37K.

We would then pay $10 to $15 a week, every week.

John

----- Original Message -----

From: Joseph Zopolsky <jzopolsky@sandbotelaw.com>
To: John S. Bowers, III; Dustin Dreher <ddreher@sandbotelaw.com>; Debra D. Bowers; Jared Bowers
Cc: w.stephens@sealeross.com <w.stephens@sealeross.com>; StephensLawFirm@aol.com <StephensLawFirm@aol.com>; Nathan Graham <ngraham@sandbotelaw.com>
Sent: Thu Feb 28 10:21:48 2008
Subject: RE: McAfee v. Barrister


John, per our discussion yesterday, I hope you will give me a call today and we can work out this issue. My office number is 214.823.2125.



I look forward to hearing from you




From: John S. Bowers, III [mailto:JBowers@barrister.com]
Sent: Wednesday, February 27, 2008 6:38 PM
To: Dustin Dreher; Debra D. Bowers; Jared Bowers
Cc: Joseph Zopolsky; w.stephens@sealeross.com; StephensLawFirm@aol.com; Nathan Graham
Subject: Re: McAfee v. Barrister



Joe,

I'm in receipt and will review this matter with all parties

John

John S. Bowers, III
Chief Executive Officer
Barrister Global Services Network, Inc.
P.O. Box 1979
Hammond, LA   70404-1979
Phone: 985-365-0801
Fax:   985-365-0801
E-mail: jbowers@barrister.com
URL:   www.barrister.com

Barrister is a SBA Certified HUBZone Business and a WBENC Certified Woman Owned Business

----------------------------------------
COMPANY CONFIDENTIAL: This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. Please note that any views or opinions presented in this email are solely those of the author and do not necessarily represent those of the company.
WARNING: Computer viruses can be transmitted via email. The recipient should check this email and any attachments for the presence of viruses. The company accepts no liability for any damage caused by any virus transmitted by this email.
----------------------------------------


----- Original Message -----
From: Dustin Dreher <ddreher@sandbotelaw.com>
To: Debra D. Bowers; John S. Bowers, III; Jared Bowers
Cc: Joseph Zopolsky <jzopolsky@sandbotelaw.com>; William "Bill" Stephens <w.stephens@sealeross.com>; StephensLawFirm@aol.com <StephensLawFirm@aol.com>; Nathan Graham <ngraham@sandbotelaw.com>
Sent: Wed Feb 27 18:22:39 2008

Subject: McAfee v. Barrister

Ms. Bowers, Mr. Bowers, and Mr. Bowers:


Attached please find our February 27, 2008 status report.


Yours truly,


DUSTIN J. DREHER on behalf of Joe Zopolsky

ATTORNEY AT LAW


SANDBOTE, WAGGONER & ZOPOLSKY, P.C.
Mockingbird Station, Eighth Floor
5307 E. Mockingbird Lane, Suite 802
Dallas, Texas  75206
(214) 823-2125
(214) 823-7536 Fax
ddreher@sandbotelaw.com <mailto:ddreher@sandbotelaw.com>

-----------------------------------------------------------------------------------------------------
-----------------------------

Confidentiality Notice:  The information contained in this e-mail is confidential.  It may also be subject to the attorney-client privilege, be privileged work product, or contain proprietary information.  This information is intended for the exclusive use of the addressee or agent thereof.  If you are not the named recipient or agent thereof, you are hereby notified that any use, disclosure, dissemination, distribution (other than to the addressee), copying or the taking of any action because of this information is strictly prohibited.  If you have received this communication in error, please notify the sender immediately by return e-mail message and delete all copies of the original communication, along with any attachments hereto or links herein, from your system.


-----------------------------------------------------------------------------------------------------
-----------------------------



SANDBOTE
WAGGONER &
ZOPOLSKY
A PROFESSIONAL CORPORATION · ATTORNEYS AT LAW

Joseph D. Zopolsky
Attorney at Law

jzopolsky@sandbotelaw.com

February 27, 2008

Ms. Debra D. Bowers
Barrister Global Services Network, Inc.
PO Box 1979
Hammond, LA 70404-1979
VIA E-MAIL &
CM/RRR # 7007 3020 0000 5137 3792

Mr. Jared M. Bowers
Barrister Global Services Network, Inc.
PO Box 1979
Hammond, LA 70404-1979
VIA E-MAIL &
CM/RRR # 7007 3020 0000 5137 3815

Mr. John S. Bowers, III
Barrister Global Services Network, Inc.
PO Box 1979
Hammond, LA 70404-1979
VIA E-MAIL &
CM/RRR # 7007 3020 0000 5137 3808

Re:    Cause No. 05-02397, McBee, Aghevi, Inc., Barrister Global Services
       Network, and Payline Insurance Company

Dear Debra, John and Jared

    Please allow this report to serve as our status report to you pertaining to the above-referenced matter. Since this letter addresses the conditions required by our firm to continue to represent Barrister, we urge you to carefully review it.

REDACTED

Ms. Debra D. Bowers
Mr. John S. Bowers, III
Mr. Jared M. Bowers
February 21, 2008
Page 2 of 4

II

REDACTED

III

IV

Ms. Debra D. Bowers
Mr. John S. Bowers, III
Mr. Jared M. Bowers
February 27, 2008
Page 3 of 4

REDACTED

V.    Outstanding Fees

It has been brought to my attention by the partnership of this firm that the current balance owed by Barrister to our law firm is $139,687.63.

REDACTED

VI.    Moving Forward

In order for our firm to continue to defend Barrister in this case, the following is required:

(i)    the outstanding balance must be paid in full and received by our office by 5:00 p.m. on Friday, March 7, 2008,

(ii)    all future bills will be paid on time, and

(iii)    Bill Stephens will continue to serve as counsel of record along with our firm through trial,

REDACTED

In addition, failing to pay in accordance with the foregoing will give the firm the option of treating same as anticipatory breach and accelerating the debt, in which case the full balance of all outstanding fees and expenses will be due, and will entitle this firm to withdraw from representation at that time without any contest by Barrister as to said withdrawal, and the venue for any dispute/suit relating to these fees or this matter will be Dallas, Texas.

REDACTED

Ms. Debra D. Bowers
Mr. John S. Bowers, III
Mr. Jared M. Bowers
February 27, 2008
Page 4 of 4

VII.    Conclusion

We have enjoyed our work with Barrister, and look forward to hearing from you.

Best regards,

Joe Zopolsky
On behalf of the firm

REDACTED

JDZ:a.

cc:    Mr. Bill Stephens
Scalz & Poe
735 N. Causeway Blvd, Suite 110
Resource Bank Building
Mandeville, Louisiana 0448
VIA E-MAIL

# EXHIBIT B

CAUSE NO. _____

| | | |
|---|---|---|
| SANDBOTE, WAGGONER & ZOPOLSKY, P.C. | § § § | IN THE DISTRICT COURT |
| vs. | § § § | DALLAS COUNTY, TEXAS |
| BARRISTER GLOBAL SERVICES NETWORK, INC. and JOHN S. BOWERS, III | § § § | ___ JUDICIAL DISTRICT |

## AFFIDAVIT OF LOUIS J. SANDBOTE

STATE OF TEXAS        §
                                   §
COUNTY OF DALLAS   §

Before me, the undersigned notary, on this day personally appeared Louis J. Sandbote, the affiant, a person whose identity is known to me.  After I administered an oath, affiant testified:

1.    "My name is Louis J. Sandbote.  I am over 18 years of age, of sound mind, and capable of making this affidavit.  The facts stated in this affidavit are within my personal knowledge and are true and correct.

2.    Plaintiff in this case is Sandbote, Waggoner & Zopolsky, P.C. ("SW&Z"), a law firm.  Defendants are Barrister Global Services Network, Inc. ("Barrister") and John S. Bowers, III ("Bowers"), former clients of SW&Z.  I am a shareholder and a named partner in the firm of SW&Z.

3.    This action is based on a written contract between SW&Z, on the one hand, and Barrister and Bowers, on the other, of which a systematic record was kept.

4.    The principal balance of $190,205.26 is due on the account, which is attached to this Affidavit as Attachment 1 and incorporated by reference.  That amount is just and true, it is due, and all just and lawful offsets, payments, and credits have been allowed."

_____
Louis J. Sandbote

SUBSCRIBED AND SWORN TO before me on the 1st day of August, 2008.

_____
Notary Public in and for the
State of Texas



CHRIS A BIELAWSKI
Notary Public, State of Texas
My Commission Expires
April 13, 2010

7/31/2008
3:51 PM

SANDBOTE, WAGGONER & ZOPOLSKY, P.C.
A/R with Running Balances

Page     1

---

| | Selection Criteria | |
|---|---|---|

---

Clie.Selection                    Include: MCAFEE

---

**Client**

| Date | Type | Description | Value | Balance |
|---|---|---|---|---|
| **MCAFEE** | | | | |
| Beginning Balance | | | | 0.00 |
| 7/8/2007 | INV | Invoice No. 16503 | 15852.77 | 15852.77 |
| 8/10/2007 | INV | Invoice No. 16538 | 21208.24 | 37061.01 |
| 8/13/2007 | PAY | Payment - thank you. Check No. 309231 | (7926.77) | 29134.24 |
| 8/23/2007 | PAY | Payment - thank you. Check No. 309845 | (2000.00) | 27134.24 |
| 8/29/2007 | PAY | Payment - thank you. Check No. 310430 | (2000.00) | 25134.24 |
| 9/6/2007 | PAY | Payment - thank you. Check No. 311067 | (3926.00) | 21208.24 |
| 9/14/2007 | INV | Invoice No. 16586 | 21541.17 | 42749.41 |
| 10/3/2007 | PAY | Payment - thank you. Check No. 312594 | (3000.00) | 39749.41 |
| 10/11/2007 | INV | Invoice No. 16622 | 10059.20 | 49808.61 |
| 10/15/2007 | PAY | Payment - thank you. Check No. 313526 | (3000.00) | 46808.61 |
| 10/18/2007 | PAY | Payment - thank you. Check No. 314618 | (3000.00) | 43808.61 |
| 10/22/2007 | PAY | Payment - thank you. Check No. 314733 | (4000.00) | 39808.61 |
| 10/29/2007 | PAY | Payment - thank you. Check No. 315349 | (2000.00) | 37808.61 |
| 11/8/2007 | PAY | Payment - thank you. Check No. 315881 | (3541.17) | 34267.44 |
| 11/20/2007 | INV | Invoice No. 16677 | 14535.74 | 48803.18 |
| 11/21/2007 | PAY | Payment - thank you. Check No. 317200 | (3000.00) | 45803.18 |
| 12/20/2007 | PAY | Payment - thank you. Check No. 318730 | (6000.00) | 39803.18 |
| 12/20/2007 | INV | Invoice No. 16722 | 56033.68 | 95836.86 |
| 1/2/2008 | PAY | Payment - thank you. Check No. 321015 | (3000.00) | 92836.86 |
| 1/7/2008 | PAY | Payment - thank you. Check No. 320028 | (2913.71) | 89923.15 |
| 1/8/2008 | PAY | Payment - thank you. Check No. 320854 | (9294.53) | 80628.62 |
| 1/16/2008 | PAY | Payment - thank you. Check No. 321649 | (2500.00) | 78128.62 |
| 1/25/2008 | PAY | Payment - thank you. Check No. 321720 | (4507.50) | 73621.12 |
| 1/31/2008 | PAY | Payment - thank you. Check No. 322266 | (3051.70) | 70569.42 |
| 2/2/2008 | INV | Invoice No. 16763 | 71618.21 | 142187.63 |
| 2/6/2008 | PAY | Payment - thank you. Check No. 322775 | (2500.00) | 139687.63 |
| 2/14/2008 | PAY | Payment - thank you. Check No. 323328 | (5000.00) | 134687.63 |
| 2/22/2008 | PAY | Payment - thank you. Check No. 323933 | (7035.74) | 127651.89 |
| 2/27/2008 | PAY | Payment - thank you. Check No. 324643 | (4000.00) | 123651.89 |
| 3/3/2008 | PAY | Payment - thank you. Check No. 325424 | (37000.00) | 86651.89 |
| 3/14/2008 | PAY | Payment - thank you. Check No. 325861 | (13000.00) | 73651.89 |
| 3/17/2008 | PAY | Payment - thank you. Check No. 326189 | (2033.68) | 71618.21 |
| 3/17/2008 | PAY | Payment - thank you. Check No. 326189 | (9966.32) | 61651.89 |
| 3/23/2008 | INV | Invoice No. 16836 | 48961.78 | 110613.67 |
| 3/25/2008 | PAY | Payment - thank you. Check No. 327364 | (13000.00) | 97613.67 |
| 3/31/2008 | PAY | Payment - thank you. Check No. 327426 | (10000.00) | 87613.67 |
| 4/8/2008 | PAY | Payment - thank you. Check No. 327944 | (12000.00) | 75613.67 |
| 4/14/2008 | PAY | Payment - thank you. Check No. 328783 | (10000.00) | 65613.67 |
| 4/22/2008 | PAY | Payment - thank you. Check No. 329490 | (10000.00) | 55613.67 |
| 4/29/2008 | PAY | Payment - thank you. Check No. 329933 | (4348.11) | 51265.56 |
| 4/29/2008 | PAY | Payment - thank you. Check No. 329933 | (6651.89) | 44613.67 |
| 5/8/2008 | INV | Invoice No. 16897 | 80551.43 | 125165.10 |
| 5/13/2008 | PAY | Payment - thank you. Check No. 330497 | (10000.00) | 115165.10 |
| 5/13/2008 | PAY | Payment - thank you. Check No. 330923 | (10000.00) | 105165.10 |
| 5/19/2008 | PAY | Payment - thank you. Check No. 6/3email | (11000.00) | 94165.10 |
| 5/30/2008 | PAY | Payment - thank you. Check No. 332247 | (10000.00) | 84165.10 |
| 6/5/2008 | PAY | Payment - thank you. Check No. 332683 | (10000.00) | 74165.10 |

7/31/2008
3:51 PM

SANDBOTE, WAGGONER & ZOPOLSKY, P.C.
A/R with Running Balances

Page    2

**Client**

| Date | Type | Description | Value | Balance |
|------|------|-------------|-------|---------|
| 6/12/2008 | PAY | Payment - thank you. Check No. 333682 | (10000.00) | 64165.10 |
| 6/24/2008 | INV | Invoice No. 16946 | 99170.73 | 163335.83 |
| 6/24/2008 | PAY | Payment - thank you. Check No. 334409 | (10000.00) | 153335.83 |
| 7/1/2008 | PAY | Payment - thank you. Check No. 335011 | (10000.00) | 143335.83 |
| 7/10/2008 | PAY | Payment - thank you. Check No. 335549 | (10000.00) | 133335.83 |
| 7/30/2008 | INV | Invoice No. 17004 | 56869.43 | 190205.26 |

Ending Balance                                                             190205.26

Grand Total
  Total Added                                                                    0.00
  Total Removed                                                           496402.38
  Ending Balance Total                                                   (306197.12)
                                                                              190205.26

# INDEX NO. 2

## CAUSE NUMBER 2008-11931

| | | |
|---|---|---|
| **SANDBOTE, WAGGONER &** | * | **DISTRICT COURT** |
| **ZOPOLSKY, P.C.** | * | |
| | * | |
| **VERSUS** | * | **DALLAS COUNTY, TEXAS** |
| | * | |
| **BARRISTER GLOBAL SERVICES** | * | |
| **NETWORK, INC. AND JOHN S. BOWERS, III** | * | **298TH JUDICIAL DISTRICT** |

*********************************************

**FILED:**_____           _____

                                                    **DEPUTY CLERK**

## DEFENDANTS' MOTION FOR EXTENSION OF TIME TO PLEAD

**NOW INTO COURT,** through undersigned counsel, come Barrister Global Services Network, Inc. and John S. Bowers, III, sought to be made defendants herein, for the sole purpose of requesting a 20 day extension of time or until November 12, 2008 and November 3, 2008 respectively to respond to the Petition filed herein as the undersigned counsel has only recently received this matter, and needs further time to research the facts and applicable law before filing responsive pleadings.

Respectfully submitted this 8th day of October, 2008.

                                        RESPECTFULLY SUBMITTED:

                                        /s/ Amy L. Gonzales_____
                                        William M. Stephens (#24054308)
                                        w.stephens@sealeross.com
                                        Amy Lawler Gonzales (#24029579)
                                        a.gonzales@sealeross.com
                                        SEALE & ROSS, PLC
                                        200 North Cate Street
                                        P.O. Drawer 699
                                        Hammond, Louisiana 70404
                                        Telephone: (985) 542-8500
                                        Facsimile: (985) 542-4111

DEFENDANTS' MOTION FOR EXTENSION
PAGE 1

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 8th day of October, 2008, served a copy of the foregoing pleading on counsel for all parties who have appeared in this proceeding, by mailing the same by United States mail properly addressed, and first-class postage prepaid.

> Louis J. Sandbote
> Sandbote, Waggoner & Zopolsky, PC
> 5307 E. Mockingbird Lane, Suite 802
> Dallas, TX 75206

/s/ Amy L. Gonzales

## CERTIFICATE OF CONFERENCE

Counsel for movant has personally attempted to contact the counsel for respondent to resolve the matters presented as follows: (telephone call on 10/02/08- no response; fax on 10/07/08 which also transmitted proposed motion- respondent provided response disagreeing to extension and did not resolve this matter; email on 10/08/08- no response).

Counsel for movant has caused to be delivered to counsel for respondent and counsel for respondent has received a copy of the proposed motion. At least one attempt to contact the counsel for respondent was made that followed the receipt by counsel for respondent of the proposed motion. Counsel for respondent has failed to respond or attempt to resolve the matters presented.

Certified to this 8th day of October, 2008 by

/s/ Amy L. Gonzales

**CAUSE NUMBER 2008-11931**

| | | |
|---|---|---|
| **SANDBOTE, WAGGONER &** | * | **DISTRICT COURT** |
| **ZOPOLSKY, P.C.** | * | |
| | * | |
| **VERSUS** | * | **DALLAS COUNTY, TEXAS** |
| | * | |
| **BARRISTER GLOBAL SERVICES** | * | |
| **NETWORK, INC. AND JOHN S. BOWERS, III** | * | **298TH JUDICIAL DISTRICT** |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**FILED:_____**                          _____

                                                   DEPUTY CLERK

## <u>ORDER</u>

     Considering the a foregoing Motion;

     **IT IS ORDERED** that Barrister Global Services Network, Inc. is hereby granted a twenty (20) day extension of time or until November 12, 2008 to file responsive pleadings in this matter.

     **IT IS FURTHER ORDERED** that John S. Bowers, III is hereby granted a twenty (20) day extension of time or until November 3, 2008 to file responsive pleadings in this matter.

     Dallas, Texas, this _____ day of _____, 2008.


                                    _____
                                    **DISTRICT JUDGE**



**Amy Lawler Gonzales**

| | |
|---|---|
| **From:** | <eFiling@texasonline.state.tx.us> |
| **To:** | <a.gonzales@sealeross.com> |
| **Sent:** | Wednesday, October 08, 2008 4:30 PM |
| **Subject:** | Filing Trace Number ED057J015280241 has been received by the eFiling for Courts |

PLEASE DO NOT REPLY TO THIS E-MAIL.

This email acknowledges that a filing with the following information was received from the Electronic Filing Service Provider and has been transmitted successfully to eFiling for Courts:

eFiling for Courts Received Date/Time: Wednesday, October 08, 2008 4:29 PM
Delivered to Court: Dallas District - Civil
Time Zone of Jurisdiction: (GMT-06:00) Central Time (US & Canada)
Trace Number: ED057J015280241
Official Date/Time: Wednesday, October 08, 2008 4:29 PM
Cause Number: 2008-11931
Style/Case Name:  Sandbote, Waggoner & Zopolsky v. Barrister Global Services Network and John S. Bowers, III
Title of Document: Motion for Extension.pdf

Thank you,
eFiling for Courts

Confidentiality Notice:
The information in this email may be confidential and/or privileged.  This email is intended to be reviewed by only the individual or organization named above.  If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination, use or copying of this email and its attachments, if any, or the information contained herein is prohibited.

10/8/2008

# REGISTER OF ACTIONS
## CASE NO. DC-08-11931

| | | |
|---|---|---|
| **SANDBOTE WAGGONER & ZOPOLSKY PC vs. BARRISTER GLOBAL SERVICES NETWORK INC, et al** | § § § § § § | Case Type: **DEBT/CONTRACT**<br>Date Filed: **09/16/2008**<br>Location: **298th District Court** |

---

### PARTY INFORMATION

|  |  | **Lead Attorneys** |
|---|---|---|
| **DEFENDANT** | **BARRISTER GLOBAL SERVICES NETWORK INC** | |
| **DEFENDANT** | **BOWERS, JOHN S** | |
| **PLAINTIFF** | **SANDBOTE WAGGONER & ZOPOLSKY PC** | SANDBOTE, LOUIS<br>*Retained* |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 09/16/2008 | **ORIGINAL PETITION (OCA)** |
| 09/16/2008 | **ISSUE CITATION** |
| 09/16/2008 | **JURY DEMAND (OCA)** |
| | Vol./Book J24, Page 490,  1 pages |
| 09/18/2008 | **CITATION** |
| | BARRISTER GLOBAL SERVICES NETWORK INC      served  09/23/2008 |
| 09/18/2008 | **CITATION** |
| | BARRISTER GLOBAL SERVICES NETWORK INC      unserved |
| | BOWERS, JOHN S                                      served  09/22/2008 |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | **PLAINTIFF** SANDBOTE WAGGONER & ZOPOLSKY PC | | |
| | Total Financial Assessment | | 388.00 |
| | Total Payments and Credits | | 448.00 |
| | **Balance Due as of 10/10/2008** | | **(60.00)** |
| 09/16/2008 | Transaction Assessment | | 222.00 |
| 09/16/2008 | Transaction Assessment | | 16.00 |
| 09/16/2008 | Transaction Assessment | | 150.00 |
| 09/16/2008 | PAYMENT (CASE FEES) | Receipt # 58523-2008-DCLK      SANDBOTE WAGGONER & ZOPOLSKY PC | (448.00) |

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

SANDBOTE, WAGGONER & ZOPOLSKY, P.C.

*(stamp)* FILED OCT 1 4 2008 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

## DEFENDANTS

BARRISTER GLOBAL SERVICES NETWORK, INC. AND JOHN S. BOWERS, III

3-08CV1826-N

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __Dallas__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Louis Sandbote (214) 823-2125
SANDBOTE, WAGGONER & ZOPOLSKY, P.C.
5307 E. Mockingbird Lane, Ste. 802
Dallas, TX 75206

ATTORNEYS (IF KNOWN)   T. Jay Seale, III
Amy L.Gonzales (985) 542-8500
SEALE & ROSS
P. O. Drawer 699
Hammond, LA 70404

## II. BASIS OF JURISDICTION    (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES    (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT    (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☒ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | **PERSONAL INJURY** | | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| | ☐ 362 Personal Injury — Med. Malpractice | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | ☐ 365 Personal Injury — Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | **PERSONAL PROPERTY** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 370 Other Fraud | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 371 Truth in Lending | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 380 Other Personal Property Damage | | ☐ 871 IRS — Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 385 Property Damage Product Liability | | | |

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
**HABEAS CORPUS:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

## V. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION    (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 USC 1332 Diversity jurisdiction dispute between Texas plaintiffs and Louisiana defendants which exceeds $75,000

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $190,205.26

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY   (See instructions):

JUDGE ____    DOCKET NUMBER ____

DATE  10/10/08

SIGNATURE OF ATTORNEY OF RECORD  *Amy L Gonzale*

## FOR OFFICE USE ONLY

RECEIPT # ____   AMOUNT ____   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

**United States District Court**
**Northern District of Texas**

RECEIVED
OCT 1 4 2008
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**Supplemental Civil Cover Sheet For Cases Removed**
**From State Court**

3-08CV1826-N

This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S.
District Clerk's Office.  Additional sheets may be used as necessary.

1.      **State Court Information:**

Please identify the court from which the case is being removed and specify the number
assigned to the case in that court.

| Court | Case Number |
|---|---|
| 298th Judicial District Court for Dallas County | 08-11931 |

2.      **Style of the Case:**

Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s),
Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their
party type. Also, please list the attorney(s) of record for each party named and include their
bar number, firm name, correct mailing address, and phone number (including area code.)

| Party and Party Type | Attorney(s) |
|---|---|
| Plaintiff:   Sandbote Waggoner & Zopolosky P.C. | Louis Sandbote (TX#17576500) 5307 E. Mockingbird Ln, Ste. 802 Dallas, TX  75206  PH: (214) 823-2125 |
| Defendant:  Barrister Global Services Network, Inc. and John S. Bower, III | T. Jay Seale, III (LA#11901) Amy L. Gonzales (TX#24029579,LA#26897 SEALE & ROSS P. O. Drawer 699 Hammond, LA  70404 PH: (985) 542-8500 |

3.      **Jury Demand:**

Was a Jury Demand made in State Court?        • Yes      • No

If "*Yes*," by which party and on what date?

Plaintiff
Party

09/16/08
Date

**Supplemental Civil Cover Sheet**
**Page 2**

4.    **Answer:**

Was an Answer made in State Court?    •  Yes        •  No

If "*Yes*," by which party and on what date?

_____        _____
Party                                                                    Date


5.    **Unserved Parties:**

The following parties have not been served at the time this case was removed:

**Party**                                        **Reason(s) for No Service**

N/A


6.    **Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that change:

**Party**                                        **Reason**

N/A


7.    **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

**Party**                                        **Claim(s)**

Plaintiff                                        Suit on open account, breach of contract